FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA



FILED
HARRISBURG, PA
SEP 1 2 2017

(1) BRAY JIBRIL MURRAY, CG-8958
(Name of Plaintiff)   (Inmate Number)
SCI-DALLAS...1000 Follies Road
Dallas, Pa. 18612
(Address)

(2) _____
(Name of Plaintiff)   (Inmate Number)

_____
(Address)

(Each named party must be numbered,
and all names must be printed or typed)

vs.

(1) SECRETARY JOHN E. WETZEL, FOR THE

(2) SUPERINTENDENT LAWRENCE MAHALLY

(3) (3) DEPUTY SUPT. ZAKARAUSKA; (4) DEPUTY
DEMMING; (5) U/M BOHINSKI; (6) MAJOR WHITE.
(Names of Defendants)

(Each named party must be numbered,
and all names must be printed or typed)

1:17-CV-1637
(Case Number)

CIVIL COMPLAINT

TO BE FILED UNDER:  **** 42 U.S.C. § 1983 - STATE OFFICIALS
                    _____ 28 U.S.C. § 1331 - FEDERAL OFFICIALS

I. PREVIOUS LAWSUITS

   A. If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:

   MURRAY V. SMITHBOWER, et al., C.A. No. 1:17-cv-00127, was filed January 23, 2017, in the U.S. Dist. Court for the Middle District of Pennsylvania, and assigned to the Hon. John E. Jones, III.
   MURRAY V. ENNIS, et al., C.A. No. 1-08-cv00264 (W.D. Pa. 2008), was assigned to the Hon. Sean J. McLaughlin.

1

II.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A.  Is there a prisoner grievance procedure available at your present institution? ****Yes ___No

B.  Have you fully exhausted your available administrative remedies regarding each of your present claims? ****Yes ___No

C.  If your answer to "B" is Yes:

1. What steps did you take?  I filed initial grievance No. 668355 at the institutional level on 3/3/17. It and all subsequent appeals were denied. Appendixed to this complaint is fully reviewed and exhausted grievances/appeals, in support of facts, etc., claims, etc., raised in this suit.

2. What was the result?  NEGATIVE!!!

D.  If your answer to "B" is No, explain why not:  N/A

III.  DEFENDANTS

(1) Name of first defendant: John E. Wetzel, Secretary of Pennsylvania Dept. of Corrections
  Employed as SECRETARY at Pennsylvania Dept. of Corrections
  Mailing address: 1920 Technology Parkway, Mechanicsburg, Pa. 17050

(2) Name of second defendant: LAWRENCE MAHALLY
  Employed as SUPERINTENDENT at SCI-DALLAS
  Mailing address: 1000 Follies Road, Dallas, Pa. 18612

(3) Name of third defendant: ZAKARAUSKA
  Employed as DEPUTY SUPERINTENDENT at SCI-DALLAS
  Mailing address: 1000 Follies Road, Dallas, Pa. 18612

*(List any additional defendants, their employment, and addresses on extra sheets if necessary)*

IV. STATEMENT OF CLAIM

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach no more than three extra sheets if necessary.)

1. In September 2008, the Pa. Dept. of Corrections enacted and issued THE CLEAN INDOOR AIR ACT, under policy No. 1.1.7 (See EX.No.1). According to No.1.1.7 policy statement "This policy applies to all Department of Corrections facilities." Also, "It is the policy of the Dept. of Corrections 'TO PROVIDE A SMOKE FREE ENVIRONMENT' consistent with Senate bill No.246 of 2007, Pennsylvania Clean Air Act."
   I am a NON-SMOKER who have NEVER consumed any kind of tobacco products. On 8/30/

2

2016, I arrived to SCI-DALLAS, and was immediately placed in the Restricted Housing Unit (RHU); where it absolutely prohibit inmates to purchase, possess and consume any sort of tobacco products. On 9/22/2016, I was released into the general population of SCI-DALLAS; where inmates and staff are allowed to purchase, possess and consume/use smoking tobacco products. There is no NON-SMOKING housing unit in SCI-DALLAS. Nor is there a housing unit, where it is absolutely prohibited for inmates to purchase, possess and consume/use SMOKING TOBACCO products.

On 9/22/2017, I was placed on F-unit, where it houses approx. 200 inmates, because 88 of the 100 cells on unit are occupied by two inmates at all times. Moreover, the complete absence of video recording cameras on housing units allows inmates and staff to freely and openly use smoking tobacco products (all day and night) anywhere in the housing units, with impunity.

Consequently, as soon as I enters F-unit (as a resident) I was exposed (every day and night) to extraordinarily high levels of SECOND-HAND SMOKE. During the months October 2016 and January 2017, I vigorously complained about the inordinately high levels of tobacco smoke in housing units, by sending request slips to U/M Bohinski, CCPM Goyne, Major White, Deputies Demming and Zakarauska (Ex. Nos. 2 to 7). None of the request to staff were answered or received any response. Also, I sent a copy of a letter/complaint to several Pa. State Representatives; the Pa. Prison Society; and Secretary Wetzel. (See Ex. Nos. 8,9). When I received either no response or a negative response, on March 3, 2017, I filed grievance #668355, on behalf of myself and the NON-SMOKING inmate population of SCI-DALLAS. (See Ex. Nos. 10 to 16).

**PLEASE REFER TO THE PAGE ATTACHED TO THE BACK, FOR THE STATEMENT OF CLAIMS**

V. RELIEF

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

1. Compensatory Damages (against the Pa. Dept. of Corrections) of $1,000.00 a day, for every day that I have been in SCI-DALLAS (exposed to extraordinarily high levels of second-hand tobacco smoke; 2. PRELIMINARY INJUNCTION, that all inmates of SCI-DALLAS be prohibited from buying smoking tobacco products, until proper renovations are completed on every housing unit, that will adequately protect the NON-SMOKING inmate population from exposure to extraordinarily high levels of SEC-OND HAND SMOKE; 3. PRELIMINARY INJUNCTION, that staff be prohibited from bringing smoking tobacco products in SCI-DALLAS facility, until the outcome of this suit, or until adequate renovations are completed on every housing unit, to protect the NON-SMOKING inmate population from being exposed to excessively high levels of second-hand tobacco; 4. PRELIMINARY INJUNCTION, that G-unit (the only housing unit with actual doors on cells) be designated as the official NON-SMOKING UNIT of SCI-DALLAS; where it is prohibited for inmates and staff to possess, purchase and use smoking tobacco products, until adequate renovations are completed on every housing unit, that will protect the NON-SMOKING inmate population exposure to excessively high levels of second-hand smoke; 5. COMPENSATORY DAMAGES, against all the defendants (severally and jointly), in the amount of $500.00 a day, for every day (since 9/22/2016), that I have been exposed to extraordinarily high levels of second hand tobacco smoke; 6. PUNITIVE DAMAGES, against all the defendants (severally and jointly), in the amount of $5,000.00 a day, for every day (since 9/22/2017), for deliberately housing me in a SCI-facility (i.e., DALLAS) with unmanageable and extraordinarily high levels of "ENVIRONMENTAL TOBACCO SMOKE" ("ETS"), and consequently causing mental and emotional anguish and distress, as a result of my future health being placed at grave risk and peril.

Cont...**DEFENDANTS**
(ACTING UNDER THE COLOR OF STATE LAW...ARE)

   4. Deputy Superintendent Demming; 5. Major White; 6. Unit Manager Bohinski; and 7. Program Manager Goyne.

   All the Defendants are employees of SCI-DALLAS, at 1000 Follies Road, DALLAS, PA. 18612.

   *ALL OF THE DEFENDANTS ARE BEING SUED IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES*


## STATEMENT OF CLAIMS

   1. Defendants Wetzel and Mahally violates the CRUEL...and DELIBERATE INDIFFERENCE CLAUSES of the EIGHTH AMENDMENT to the U.S. Constitution, by transferring and housing plaintiff in a SCI-facility (i.e., DALLAS) that permits and/or condones inmates and staff freely and openly possessing, using and consuming SMOKING TOBACCO PRODUCTS in the housing units (BECAUSE OF THE COMPLETE ABSENCE OF VIDEO RECORDING CAMERAS IN HOUSING UNITS). Thereby, creating and/or perpetuating a pernicious TOBACCO SMOKE ENVIRONMENT, that not only gravely places plaintiff's (and similarly situated NON-SMOKING inmates) future health at risk, but also have caused him severe mental anguish and emotional distress.

   2. Defendants Wetzel and Mahally violates the CRUEL...and DELIBERATE INDIFFERENCE CLAUSES of the EIGHTH AMENDMENT to the U.S. Constitution, by facilitating the trafficking and use of SMOKING TOBACCO PRODUCTS in an antiquated SCI-facility (i.e., DALLAS) that is severely ill-equipped to protect plaintiff (and similarly situated NON-SMOKING inmates) from exposure to extraordinarily high levels of tobacco smoke in housing units blocks.

   3. Every SCI-FACILITY of Pennsylvania, have 24-hour video recording cameras installed in inmate housing units to ensure that neither staff, nor the inmate population violate the Pa. CLEAN INDOOR AIR ACT, undetectedly or freely using smoking tobacco products in housing units. Therefore, by deliberately refusing and/or neglecting to install any kind of video recording system in the inmate housing units of SCI-DALLAS, Defendants Wetzel, Mahally, Zakarauska, and White, violates the EQUAL PROTECTION rights of plaintiff (and similarly situated NON-SMOKING inmates); who are equally entitled to protection from inordinately high levels of ENVIRONMENTAL TOBACCO SMOKE in housing units.

   4. Defendants Zakaraska, Demming, White, Bohinski, and Goyne, violates the DELIBERATE INDIFFERENCE CLAUSE of the EIGHTH AMENDMENT to the U.S. Constitution, by ignoring and/or deliberately refusing to respond to request slips of plaintiff's, beseeching that he be housed in a NON-SMOKING inmate housing unit, where his future health is not at serious risk, because of extraordinarily high levels of ENVIRONMENTAL TOBACCO SMOKE in housing units, where inmates are permitted to purchase, possess and use/consume... smoking tobacco products with impunity.

_____

I declare under penalty of perjury that the foregoing is true and correct.

Signed this __31__ day of __AUGUST__, 20_17_.

_____
(Signature of Plaintiff) Bray Jibril Murray

4

<u>COVER LETTER</u>

Bray Jibril Murray, #CG-8958
SCI-DALLAS
1000 Follies Road
Dallas, PA 18612

AUGUST 31, 2017

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PA
U.S. COURTHOUSE
228 WALNUT STREET
P.O. BOX 983
HARRISBURG, PA 17108



RE: <u>FILING OF CIVIL RIGHTS COMPLAINT</u>

DEAR CLERK OF COURT, PLEASE FIND ENCLOSED:

1. A <u>CIVIL RIGHTS COMPLAINT</u> [§1983];

2. ~~PARTY SUMMONS~~; WAIVER OF SUMMONS; (<u>U.S. MARSHAL FORMS</u>)

3. <u>MOTION FOR IN FORMA PAUPERIS STATUS</u>;

4. <u>MOTION FOR PRELIMINARY INJUNCTION</u>;

5. <u>BRIEF IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION</u>;

6. <u>MOTION FOR THE APPOINTMENT OF COUNSEL</u>;

7. <u>SEVERAL EXHIBIT ITEMS APPENDIX TO BACK OF COMPLAINT</u>; (13-IN-ALL)

8. ~~TWENTY (20)~~ EIGHT (8) DECLARATIONS OF INMATE/CO-PLAINTIFFS;

Along with the originals, an exact copy is submitted for endorsement and return (for verification of receipt), in the enclosed self-addressed envelope.

SINCERELY,

Bray Jibril Murray